**Hoffman v. Fahnestock & Co.**

*Pace Reich*, for plaintiff.

*Fred C. Aldridge, Jr.*, for defendant.

HIRSH, J., October 3, 1972.—Plaintiff commenced this action in trespass against defendant in August 1970. On October 15, 1970, defendant filed and served upon plaintiff its answer, new matter and counterclaim with notice to plead. Plaintiff filed no answer to

the new matter and counterclaim for over a year, and defendant moved for judgment on the pleadings and for default judgment.

Pennsylvania Rule of Civil Procedure 1045(b) states that:

". . . A plaintiff who fails to file a reply to averments of the defendant's new matter shall be deemed to admit all such averments other than averments relating to contributory negligence or assumption of risk."

Plaintiff argues that his failure to respond to defendant's new matter acts simply to place issues of fact before the court but that it should not result in a judgment on the pleadings. Such is not the law. By failing to reply to the counterclaim, plaintiff is deemed to admit all of the averments of fact in defendant's new matter, thus negating plaintiff's cause of action and entitling defendant to judgment against plaintiff. See Weiss's Apparel, Inc. v. Elks Home Association, 64 D. & C. 51, 66 (1948).

Defendant is not entitled, however, to default judgment against plaintiff. Rule 1037(c), which is relied on by defendant in his argument for default judgment, applies to actions in assumpsit. In an action in trespass, the failure to file a responsive pleading is deemed an admission only of those averments relating to the identity of persons by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved: Pa. R. C. P. 1045(a).

Accordingly, it is, therefore, ordered that defendant's motion for judgment on the pleadings is granted as to plaintiff's complaint. Defendant's motion for default judgment against plaintiff on the counterclaim is denied and the case shall proceed on issue raised by counterclaim and entry of appearance by plaintiff's attorney.